IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MUHAMMED MUGHAL AND TANZILLA MUGHAL, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND FOR S.M. AND U.M., MINOR CHILDREN; MIRZA MUGHAL, AS PARENT AND NEXT FRIEND FOR A.M., A MINOR CHILD, <br><br> Plaintiffs <br><br> vs. <br><br> APPLEGATE TRUCKING, LLC AND JUSTIN DEAN BROWN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. 2:17-CV-419 <br>                                 JURY |

## PLAINTIFFS' AMENDED ORIGINAL COMPLAINT

NOW COMES, Muhammed Mughal and Tanzilla Mughal, Individually and as Parent and Next Friend for S.M. and U.M., Minor Children; Mirza Mughal, as Parent and Next Friend for A.M., a Minor Child, Plaintiffs, and files this their Amended Original Complaint against Applegate Trucking, LLC and Justin Dean Brown, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured Plaintiffs on or about September 28, 2016.

### PARTIES

2. Muhammed Mughal is an individual who resides in the State of Texas.

3. Tanzilla Mughal is an individual who resides in the State of Texas.

4. Mirza Mughal is an individual who resides in the State of Texas.

5. Applegate Trucking, LLC is a corporation organized in the State of Oklahoma and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its president/treasurer/registered agent, United States Corporation Agents, Inc., 3030 Northwest Expressway, Oklahoma City, Oklahoma 73112.

6. Justin Dean Brown is an individual who resides at 2415 N. Monroe Street, Stillwater, Oklahoma 74075, and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

7. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

9. On or about September 28, 2016, Plaintiffs were traveling in a 2012 Toyota Sienna in a careful and prudent manner, stopped facing southbound in the left turn lane on Scenic Drive at the intersection of Scenic Drive and West Marshall Avenue in Longview, Gregg County, Texas.  Defendant Justin Dean Brown was driving a 2006 International tractor and towing a trailer owned by Defendant Applegate Trucking, LLC in the course and scope of his employment with Defendant Applegate Trucking, LLC. Defendant Justin Dean Brown was traveling westbound on West Marshall Avenue. Suddenly and without warning, Defendant Justin Dean Brown totally disregarded the stop

and go signal located at the intersection, proceeded into the intersection and into the path of Plaintiffs, striking Plaintiffs' vehicle and subjecting Plaintiffs to tremendous force.

10. At the time of the occurrence, Defendant Justin Dean Brown was in the course and scope of his employment with Defendant Applegate Trucking, LLC

## NEGLIGENCE AND NEGLIGENCE PER SE

11. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

12. Defendant Justin Dean Brown was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

   A. Violating Section 545.151 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator approaching an intersection:

   (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and

   (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

   B. Failing to keep a proper lookout.
   C. Failing to timely apply brakes.
   D. Failing to control the vehicle.
   E. Failing to act and/or respond in a reasonable manner.
   F. Failing to control the speed of the vehicle

13. The foregoing acts of negligence and negligence per se by Justin Dean Brown, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiffs.

14. At the time and on the occasion in question, and immediately prior thereto, Defendant Applegate Trucking, LLC committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs.

15. The independent acts of negligence of Defendant Applegate Trucking, LLC include, but are not limited to, the following:

    A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B. Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

    C. Failing to properly train its driver.

16. Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs.

### RESPONDEAT SUPERIOR

17. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

18. Defendant Applegate Trucking, LLC is liable for the damages proximately caused to Plaintiffs by the conduct of Defendant Justin Dean Brown in that Defendant Applegate Trucking, LLC was the employer of Defendant Justin Dean Brown on the date that Defendant Justin Dean Brown negligently injured Plaintiffs, as alleged above, and Defendant Justin Dean Brown was acting within the course and scope of that employment when that injury occurred or Defendant Applegate Trucking, LLC had the right to control the activities of Defendant Justin Dean Brown.

## NEGLIGENT ENTRUSTMENT

19. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

20. At the time and on the occasion in question, and immediately prior thereto, Defendant Applegate Trucking, LLC was guilty of negligent entrustment and knew or should have known that Defendant Justin Dean Brown was a negligent and reckless driver.

## NEGLIGENT UNDERTAKING

21. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

22. Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiffs' risk of harm.

## GROSS NEGLIGENCE

23. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

24. Defendant Justin Dean Brown and Defendant Applegate Trucking, LLC committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs is entitled to recover

punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

## DAMAGES TO PLAINTIFFS

25. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporates the same where relevant.

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiffs were caused to suffer and to endure anxiety, pain, and illness. Consequently, Plaintiffs are entitled to the following items of damages:

   A. Reasonable and necessary medical care and expenses in the past;

   B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

   E. Mental anguish in the past;

   F. Mental anguish which, in reasonable probability, will be incurred in the future;

   G. Physical impairment in the past;

   H. Physical impairment which, in reasonable probability, will be suffered in the future;

   I. Physical disfigurement in the past;

   J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

   K. Loss of earning capacity in the past; and

    L.       Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## JURY DEMAND

27.     Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiffs recover the following:

    A.       Actual damages;

    B.       Post-judgment interest as allowed by federal law;

    C.       Court costs, fees and other expenses; and

    D.       Other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026

By: /s/ Brent Goudarzi
      Brent Goudarzi
      Texas Bar No. 00798218
      Marty Young
      Texas Bar No. 24010502
      John Hull
      Texas Bar No. 24050791
      Geoffrey Hoover
      Texas Bar No. 24074437

goudarziyoung@goudarzi-young.com
ATTORNEYS FOR PLAINTIFFS